IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:13-cr-00241 |
| v. | : Chief Judge Algenon L. Marbley |
| JASON L. GRIFFIN, | : |
| Defendant. | : |

**OPINION & ORDER**

This matter comes before the Court on Defendant Jason L. Griffin's *pro se* Motion(s)[1] for Compassionate Release. (ECF Nos. 29, 32). For the reasons set forth below, Defendant's Motions are **DENIED**.

**I. BACKGROUND**

Defendant Jason L. Griffin seeks compassionate release under 18 U.S.C. § 3582(C)(1)(A). On March 14, 2014, Mr. Griffin was sentenced to a 188-month term of imprisonment after pleading guilty to one count of possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 9). Mr. Griffin's underlying felonies for the felon-in-possession charge were at least two felony convictions involving a crime of violence and a drug trafficking crime. (ECF No. 9 at PageID 18). Specifically, in 2009, Mr. Griffin was convicted in an Ohio state court for cocaine trafficking, and in 1997, Mr. Griffin was convicted in an Ohio state court for the offense of robbery with gun

---

[1] ECF No. 29 was labeled as a *pro se* motion for compassionate release, but it was a short letter requesting compassionate release. ECF No. 32 is a full motion for compassionate release.

specification. (*See* ECF No. 8). The underlying felonies subjected Mr. Griffin to a "career offender" sentencing enhancement under the Federal Sentencing Guidelines ("guidelines"). *See* U.S.S.G. § 4B1.1(a) (2013). Overall, Mr. Griffin scored a total offense level of 31, a criminal history category of VI, and an imprisonment range of 188-235 months under the guidelines. (*See* ECF No. 18).

Mr. Griffin has been in custody since his arrest on October 2, 2013. (*See* ECF No. 2). Mr. Griffin is currently incarcerated at United States Penitentiary Hazelton, a high-security federal prison located in West Virginia. (ECF No. 33 at PageID 137). Mr. Griffin has served approximately 120 months of his 188-month sentence. (ECF No. 29). Mr. Griffin's projected release date is May 16, 2027 (ECF No. 33 at PageID 137), but Mr. Griffin states he is scheduled for home detention release in 2026 (ECF No. 34 at PageID 156). The Bureau of Prisons currently rates Mr. Griffin's risk of recidivism as "medium." (ECF No. 33-2 at PageID 154).

On June 6, 2016, Mr. Griffin filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF Nos. 19, 21). In that motion, Mr. Griffin asserted he was no longer a "career offender" under the guidelines because his prior robbery conviction does not qualify as a "crime of violence" after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (*Id.*). On April 25, 2017, this Court denied Mr. Griffin's motion to vacate based on the Supreme Court's decision in *Beckles v. United States*, 580 U.S. 256 (2017). (ECF No. 26).

On August 21, 2023, Mr. Griffin submitted a letter to this Court requesting compassionate release. (ECF No. 29). In his letter, Mr. Griffin discussed post-conviction rehabilitation and growth. (*Id.*). On September 8, 2023, the Government responded in opposition to Mr. Griffin's letter, treating it as a *pro se* motion. (ECF No. 31). On September 29, 2023, Mr. Griffin submitted a formal motion for compassionate release, arguing as he did in his 2016 motion to vacate, that a

sentence reduction is appropriate because his prior robbery conviction no longer qualifies as a "crime of violence" and he should not be considered a "career offender" under the guidelines. (ECF No. 32). On October 16, 2023, the Government responded in opposition to Mr. Griffin's motion for compassionate release. (ECF No. 33). On November 6, 2023, Mr. Griffin replied to the Government's response in opposition. (ECF No. 34). The motion is now ripe for this Court's consideration.

## II.     STANDARD OF REVIEW

Pursuant to the "compassionate release" provision of 18 U.S.C. § 3582, a sentencing court "may reduce the term of imprisonment" of a defendant who has exhausted administrative rights and who shows "extraordinary and compelling reasons [to] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). A district court maintains discretion to grant or deny such a petition, though the court must "supply specific factual reasons for [its] compassionate release decisions." *Jones*, 980 F.3d at 1101–02; *see also United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) ("We review a district court's denial of a compassionate release motion for abuse of discretion.").

In *Jones*, the Sixth Circuit set forth a three-step framework for district courts to follow when considering motions for compassionate release. 980 F.3d at 1107-08. Once the movant has met the threshold requirement of administrative exhaustion, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the court must undertake the following three-step inquiry in considering such a motion:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). . . . At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction

authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*Jones*, 980 F.3d at 1107–08 (alterations original).

Each step is a mandatory prerequisite for compassionate release. *Id*. A movant's failure to satisfy any of the three steps may lead to denial of the motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III.    LAW & ANALYSIS

#### A.  Administrative Requirements

Before a court may examine the merits of a request for compassionate release, the defendant must demonstrate that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion on the defendant's behalf or [upon] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. In this case, Mr. Griffin's initial letter to this Court (ECF No. 29) did not include any discussion or proof of administrative steps he took with the Bureau of Prisons. In Mr. Griffin's motion for compassionate release, Mr. Griffin merely stated: "Griffin has fully exhaust [sic] and now can come directly to the court to request a reduction of his sentence." (ECF No. 32 at PageID 131). In Mr. Griffin's reply to the Government's response in opposition, however, Mr. Griffin provided a form from Warden J.C. Streeval that denied Mr. Griffin's request for compassionate release on July 20, 2023, citing that he did not believe Mr. Griffin's circumstances are extraordinary or compelling. (ECF No. 34 at PageID 158). Accordingly, this Court finds Mr. Griffin exhausted the statute's administrative requirements.

## B. Career-Offender Enhancement

This Court next looks to whether Mr. Griffin established "extraordinary and compelling reasons" justifying his release. As previously stated, after exhausting administrative requirements, a defendant must demonstrate to the court "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3852(c)(1)(A)(i). *Jones*, 980 F.3d at 1101. If "extraordinary and compelling reasons" are found, the court will then consider whether "'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" then weigh "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Mr. Griffin argues the fact that his prior robbery conviction no longer qualifies as a predicate offense under the career-offender guideline is an "extraordinary and compelling reason" justifying release. Mr. Griffin explains that were he sentenced today, his sentence would be significantly shorter than the sentence he received in 2014. The Sixth Circuit, however, has made clear that a change in sentencing law is non-retroactive and does not constitute an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022). In fact, this case is similar to *United States v. Peake*, where the Sixth Circuit acknowledged that Defendant's prior convictions no longer qualified as predicate offenses under the career-offender guideline, but nonetheless found that the non-retroactive changes in the law did not constitute extraordinary and compelling reasons warranting compassionate release. 2023 WL 5499544, at *2 (6th Cir. May 30, 2023). Accordingly, this Court denies Mr. Griffin's motion(s) based on his argument that his prior robbery conviction no longer qualifies as a predicate offense under the career-offender guideline.

### C. Post-Conviction Rehabilitation and Growth

Mr. Griffin also argues that he deserves compassionate release based on his post-conviction rehabilitation and growth. Mr. Griffin, now 43-years-old, asserts that he is not the same person that he was nearly thirty years ago. Mr. Griffin discusses how is he a father and grandfather, and how he has the support system he needs to be a positive figure in the community. Mr. Griffin provided this Court with letters from his family, friends, and former program specialist (ECF No. 34 at PageID 174-181); certificates from the programs in which he participated and successfully completed[2] (*Id*. at PageID 159-173); and his release and travel plan (*Id*. at PageID 182-187). It is worth mentioning Mr. Griffin proudly served as a mentor in the Challenge Program, which is one of the top programs that the BOP offers, focusing on curriculum in drug use, violence prevention, communication skills, criminal lifestyles, rational thinking, recovery maintenance, and lifestyle balance. (*See id*. at PageID 156, 160-171, 174).

This Court sincerely commends Defendant for his growth and accomplishments while incarcerated and the relationships he has maintained with his family and friends. This Court acknowledges, however, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence under section 3582(c)(1)(A). 28 U.S.C. § 994(t); *see also United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021). This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) and whether Mr. Griffin would be a danger to the public. *See* 18 U.S.C. § 3582(c)(1)(A). Some of the § 3553(a) factors this Court must consider are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the office, to afford adequate deterrence

---

[2] Mr. Griffin provided certificates for the following programs: Coping Skills, Challenge Program, and Health Fair.

to criminal conduct, and to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

The facts of this case show that Mr. Griffin and his associates engaged in the trafficking of various controlled substances, including crack cocaine, powder cocaine, and marijuana, at multiple residences in the Columbus area throughout 2012. (PSR ¶¶ 8-19). Additionally, Mr. Griffin possessed numerous loaded firearms in connection with his drug trafficking activities. (*Id*.). The inherently dangerous combination of drugs and firearms cannot be overstated. Mr. Griffin knows, firsthand, of their dangerous combination considering he and his associates, as well as three children, were present at a shootout on January 25, 2012, where Mr. Griffin thought he had been shot. (PSR ¶¶ 11-12). As this Court said at Mr. Griffin's sentencing hearing, "there is nothing inconsequential about the activities in which [Mr. Griffin] [was] involved. They were serious. They have a deleterious effect on the community. They're devastating to communities." (ECF No 28 at PageID 116, Lines 6-9).

Putting the facts of this case aside, Mr. Griffin has a significant criminal history involving firearms, drugs, and violence, dating back to 1997. (*See* PSR ¶¶ 43-56). While this Court recognizes that Mr. Griffin's 1997 robbery conviction occurred almost thirty years ago when he was only 16-years-old, the facts relating to that conviction are nonetheless concerning to this Court. During the course of that robbery, Mr. Griffin was either the offender who pointed a firearm at the female victim and pulled the trigger, or the offender who struck the female victim on her head with a firearm. (*See* PSR ¶ 43). Either way, Mr. Griffin's conduct during that robbery was inexcusably violent. Additionally, notwithstanding Mr. Griffin's automatic classification as a "career offender" for his prior robbery conviction, Mr. Griffin accrued 25 criminal history points

in this case, which exceeded the 13 criminal history points needed to attain a criminal history category of VI. (*See* PSR ¶ 59). Finally, Mr. Griffin claims he has been infraction free for the past seven years (*see* ECF No. 32 at 3), but within the last year, Mr. Griffin admitted to ownership of amphetamines. (ECF No. 33-1 at PageID 151). Mr. Griffin alleges that infraction is still in the appeal process, but it is nonetheless concerning to this Court.

Ultimately, when this Courts balances the facts of this case and Mr. Griffin's pattern of criminal behavior against Mr. Griffin's arguments for release, this Court finds Mr. Griffin's remaining sentence is appropriate. Accordingly, this Court denies Mr. Griffin's motion(s) based on his post-conviction rehabilitation and growth arguments.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion(s) for Compassionate Release (ECF Nos. 29, 32) are **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 27, 2023**