IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| **Plaintiff,** | : Case No. 2:13-cr-241 |
| | : |
| v. | : Judge Algenon L. Marbley |
| | : |
| JASON L. GRIFFIN, | : |
| | : |
| **Defendant.** | : |

**OPINION & ORDER**

This matter is before the Court on Defendant Jason L. Griffin's *pro se* Letter Motion, which the Court construes as Griffin's Third Motion for Compassionate Release. (ECF No. 36 at 1–2). For the reasons set forth below, Griffin's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

I. **BACKGROUND**

On November 18, 2013, Jason Griffin pleaded guilty to one count of possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 17 at 1). On March 14, 2014, this Court sentenced him to a term of 188 months' imprisonment, followed by 5 years' supervised release. (*Id.* at 2–3). Thereafter, this Court denied Griffin's first and second motions for compassionate release on November 27, 2023. (ECF No. 35 at 8). This Court also previously denied Griffin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, when Griffin argued that he should no longer be considered a career offender in light of intervening case law. (ECF No. 26 at 1–2).

In June 2025, this Court received a two-page handwritten letter from Griffin. Although not in the form of a motion, and although it did not specify precisely what relief was requested, Griffin appeared again to request compassionate release based on his participation in the "Challenge Program" and his mentoring of other inmates "for years." (ECF No. 36 at 1 –2 ("I would've been home [May 16, 2025,] and or [November 24, 2024]. . . . Please consider giving me the time that I've earned. . . . I'm ready to return to society.")). He also cited his continued accrual of good days as supporting his release. (*Id.* at 1, 4).

The Government opposed Griffin's Motion, arguing in part that if Griffin's Motion were construed as a motion for compassionate release, Griffin had failed to show that he had exhausted his administrative remedies. (ECF No. 37 at 2). The Government also noted that there was some uncertainty as to whether Griffin also sought to challenge the execution of his sentence via habeas relief, arguing in the alternative that Griffin's letter would fail if construed as a 28 U.S.C. § 2241 petition. (*Id.* at 3–4).

Griffin's reply makes clear that his letter Motion sought compassionate release. (ECF No. 38 at 1). Griffin attaches the Warden's July 2023 response to his request for a reduction in sentence and compassionate release to argue that he has exhausted his administrative remedies. (*Id.* at 3). He also "enclosed a motion challenging [his] sentence" within his reply, which he styled as a "Request for Permission to do a successive Compassionate Release based on intervening change of [] law," in which he seeks leave of the court to file "a successive compassionate release" motion. (*Id.* at 1, 7, 16).

## II. STANDARD OF REVIEW

A sentencing court "may reduce the term of imprisonment" by granting compassionate release. A motion for compassionate release may be made by the Bureau of Prisons. It may also

be made by the defendant, after the defendant's full exhaustion of all administrative rights to appeal the failure of the Bureau of Prisons to seek compassionate release, or "the lapse of 30 days from the receipt of [defendant's] request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).

When a defendant under age 70 brings a motion and has administratively exhausted his remedies, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the court must:  (1) find that "extraordinary and compelling reasons warrant such a reduction" in the term of imprisonment; (2) consider the applicable sentencing factors that are set forth in 18 U.S.C. § 3553(a); and (3) determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025).  These requirements are necessary prerequisites, and the defendant's failure to satisfy any of the three is alone sufficient for denial.  Where the defendant fails to satisfy a prerequisite, the court "do[es] not need to address the others."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).  And even when all conditions are met, the district court maintains discretion to grant or deny compassionate release.  *United States v. Jones*, 980 F.3d 1098, 1101–02, 1106 (6th Cir. 2020) ("[T]he compassionate release decision is discretionary, not mandatory.").

### III. LAW & ANALYSIS

This Court first considers whether Griffin has exhausted his administrative remedies and may properly seek compassionate release by judicial order.  For the reasons set forth below, Griffin

3

has not satisfied the administrative exhaustion requirement.  He also may not challenge the validity of his criminal sentence through a motion for compassionate release.

### A.  Administrative Exhaustion

Griffin must first exhaust his administrative remedies before requesting compassionate release from this Court.  He has not done so.  Although he has provided proof that he administratively requested a reduction in sentence and compassionate release in July 2023 in support of his present Motion, (*see* ECF No. 38 at 3), his prior administrative request satisfied the administrative exhaustion requirement for his *prior* compassionate release request.  (ECF Nos. 34 at 1, 4; 35 at 4; *see* ECF No. 32 at 1).  The Warden's denial of administrative relief in 2023 "already served as the predicate" for Griffin's prior compassionate release requests, and "[i]t cannot also serve as the predicate for this [new] motion."  *United States v. Binney*, 2023 WL 1929947, at *1–2 (N.D. Ohio Feb. 10, 2023); *United States v. Anderson*, 2023 WL 4353546, at *3 (S.D. Ohio July 5, 2023) (same); *see United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (collecting cases).  In other words, Griffin must again exhaust his administrative remedies whenever he wants to file another motion for compassionate release.  *United States v. Morris*, 2022 WL 1213960, at *2 (W.D. Pa. Apr. 25, 2022).

To Griffin, it may feel futile that he must first reiterate an administrative request that has previously been denied.  But federal courts cannot "divine whether the Bureau of Prisons may wish to act on any given petition," and Griffin's failure to exhaust his administrative remedies is "a glaring roadblock foreclosing compassionate release."  *Alam*, 960 F.3d at 835 (citation and internal quotation marks omitted).  Here, approximately two years have passed since Griffin's last motion for compassionate release, yet Griffin has not provided the Bureau of Prisons with the opportunity to consider his argument that his further accumulation of "good days" supports the relief he seeks.

Griffin was required to exhaust his administrative remedies again before he could seek compassionate release. Therefore, his Motion is denied without prejudice.

### B. Permission to Challenge Sentence or Seek Compassionate Release

This Court turns to consider Griffin's motion contained within his reply brief. In that motion, Griffin appears to challenge the lawfulness of his criminal sentence under both the Fifth and Sixth Amendments to the Constitution. (ECF No. 38 at 7). His motion seeks "to do a successive compassionate release [sic] based on his 5th and 6th Amendment[] rights being violated." (*Id.* at 15). It appears that Griffin had originally planned to request leave of this Court to file a successive habeas motion per 28 U.S.C. § 2255, before crossing out the habeas request and instead seeking permission to request compassionate release.

Motions for compassionate release and habeas attacks on the validity of convictions are different. Arguments that challenge the validity of convictions "do not constitute extraordinary and compelling reasons for compassionate release." *United States v. Johnson*, 2023 WL 7103104, at *1 (6th Cir. June 9, 2023); *see United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc) (observing that a habeas motion is the "appropriate" way to "challenge the lawfulness of a sentence"); *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021) ("If a claim demands immediate release or a shorter period of detention, it attacks the very duration of physical confinement, and thus lies at the core of habeas corpus.") (cleaned up).

Thus, to the extent that Griffin requests leave of this Court to move for compassionate release so that he can again attack the validity of his conviction under § 2255, his request is improper and is denied. Griffin may request compassionate release again after he has satisfied the administrative exhaustion requirement for his new request. However, he may not use compassionate release as a habeas vehicle to challenge the lawfulness of his imprisonment.

5

## IV.	CONCLUSION

Griffin has failed to demonstrate that he has exhausted his administrative remedies, and therefore he cannot request compassionate release.  Moreover, he cannot attempt to shoehorn a challenge to his sentence or conviction into a compassionate release motion.  His present Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                                                 _____
                                                                                 **ALGENON L. MARBLEY**
                                                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:  January 15, 2026**